In the Matter of the Arbitration between DIAL PRESS, INC., and BURTON C. HOFFMAN, Petitioners; SIDNEY G. PHILLIPS, Respondent.

Supreme Court, Special Term, New York County, May 11, 1948.

*Weil, Gotshal & Manges* for petitioners.

*Harold J. Sherman* for respondent.

KOCH, J. This is an application for an order declaring a Justice of this court, sitting in another district, disqualified to act as an arbitrator. There is a cross motion seeking an order compelling petitioners to proceed with the arbitration. Petitioners rely principally on section 19 of article VI of the State Constitution and on *Matter of Macfadden* v. *Benvenga* (290 N. Y. 568). There is no provision in the constitutional section relied upon which specifically disqualifies a justice of this court from acting as an arbitrator. Petitioners reason, however, that under section 1459 of the Civil Practice Act an arbitration (§ 1448) is deemed a special proceeding. Pursuing this it is urged that in effect the justice would be exercising a quasi-

judicial function in a special proceeding in the same court in which he is acting as a justice. Assuming that arbitrations are court proceedings in the sense implied in this reasoning, and, parenthetically, there may be some doubt as to this (see *Matter of Tugee Laces, Inc.* [*Mary Muffet, Inc.*], 73 N. Y. S. 2d 803, revd. 273 App. Div. 756), it does not appear that there is any conflict with the constitutional provision unless possibly the justice was to review his own decision as arbitrator. In this situation he would, of course, be disqualified. The recent unsuccessful attempt to amend section 19 of article VI of the Constitution, so as to provide that judges and justices of our courts would have been declared ineligible to act as arbitrators, is indicative of the lack of any such bar in the Constitution as it exists. With reference to *Matter of Macfadden* v. *Benvenga* (*supra*) it does not seem that this case is authority for holding that justices may not sit as arbitrators. The bar there is against sitting as a justice and as an arbitrator in the same matter.

The motion to stay arbitration is, accordingly, denied and the cross motion granted.